Firm I.D. 35634

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

ROBERTO SANCHEZ, )
)
    Plaintiff, )
)
vs. ) Court No.:
)
MEDICARE and ADMINISTAR )
FEDERAL, INC., )
)
    Defendants. )

JUDGE AMY ST. EVE
05C 1530
MAGISTRATE JUDGE ASHMAN

FILED
MAR 1 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff, ROBERTO SANCHEZ, by attorneys, HEGARTY & HEATH, complains of defendants Medicare and AdminiStar Federal, Inc., as follows:

1. This action arises under the laws of the United States. Jurisdiction exists pursuant to 28 U.S.C., Section 1331.

2. The events or omissions giving rise to this action occurred in the Northern District of Illinois. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to Section 28 U.S.C., Section 1391(b).

3. Defendant Medicare is an agency of the United States.

4. Defendant AdminiStar Federal, Inc. is a Medicare contractor.

5. Plaintiff is the victim who was injured in an occurrence on or about October 10, 2000. As a result of said

occurrence, a cause of action accrued to plaintiff against the tortfeasor.

6. Plaintiff has settled his cause of action with the tortfeasor's insurance carrier for $100,000.00. Procurement costs of the settlement total $100,000.00, itemized as follows: $33,333.33 for attorneys fees and $6,907.90 for expenses.

7. Medicare has a right of reimbursement of payments it made to health care providers who treated plaintiff for injuries sustained as a result of the said occurrence, less Medicare's pro rata share of the procurement costs (attorneys fees and expenses), pursuant to 42 CFR Section 411.37(a).

8. A settlement draft in the full amount of the settlement was issued by the tortfeasor's insurance carrier to the plaintiff on March 1, 2005. Medicare is a co-payee of the draft. By law, the draft will be invalid six months after its date of issue.

9. Continuously, from and after September 7, 2004, plaintiff has attempted, without success, to induce defendants to advise plaintiff as to the amount of Medicare's claimed reimbursement from the settlement.

10. Defendants have failed to comply with the applicable statutes and regulations, and particularly have failed to

comply with applicable time deadlines, including 42 CFR Section 433.139(d)(2). Accordingly, Medicare's right of reimbursement should be declared null and void and inoperative in this case.

WHEREFORE, plaintiff prays this Honorable Court (a) find that defendants have failed to comply with the applicable statutes and regulations; (b) declare Medicaid's claimed right of reimbursement to be null and void and of no effect; (c) order defendants immediately to endorse any and all settlement drafts on which Medicare is a co-payee; or in the alternative, authorize an officer or agent of the court to endorse the draft on behalf of Medicare.

    Respectfully submitted,

    ROBERTO SANCHEZ,

    By: _____
           One of the Attorneys

Terrence K. Hegarty
Timothy W. Heath
HEGARTY & HEATH
3 First National Plaza
Suite 2070
Chicago, IL 60602
312-263-7728

-3-